UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR A. BLUMEYER, III, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:13CV875 RWS |
| | ) |
| DANA L. FREESE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before me on review of plaintiffs' complaint under 28 U.S.C. § 1915A. The complaint does not state a federal cause of action, and I will dismiss this action without further proceedings.

### 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss a complaint filed by a prisoner seeking redress from a governmental officer if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-

63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff Arthur Blumeyer, a prisoner,[1] and his wife, Hope Blumeyer, bring this civil rights action against Dana Freese, an attorney, and John Huff, the Director of the Missouri Department of Insurance.  Plaintiffs also name as defendants "All Prior Directors of the Missouri Department of Insurance Since 1990 to 2013."  Plaintiffs claim jurisdiction under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988.

Plaintiffs allege that they are the owners of Bel-Aire Insurance Company.  In 1990 the Missouri Division of Insurance petitioned the Circuit Court of Cole County to take conservatorship of Bel-Aire under Missouri law.  Plaintiffs allege that the Division of Insurance refused to provide an accounting to the court, which resulted in the court declaring Bel-Aire insolvent in 1993.  The court ordered liquidation of Bel-Aire at that time.  Plaintiffs claim that in March 2013 the Division of Insurance provided an accounting for Bel-Aire, which showed that Bel-Aire was never insolvent.

---

[1] Arthur Blumeyer was incarcerated at USP Marion at the time the complaint was filed.  He is currently in the custody of the BOP via the St. Louis Community Corrections Office with a projected release date of January 3, 2014.

**Discussion**

Title 42 U.S.C. § 1981 provides in pertinent part:

All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race.  See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988).  The instant complaint contains no facts indicating that any actions taken by defendants were motivated by purposeful race discrimination against plaintiff.  As a result, plaintiff's § 1981 claim is legally frivolous.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).  The allegations in the complaint do not state a deprivation of either a constitutional or federal statutory right.  As a result, there is no cause of action under § 1983.

Title 42 U.S.C. § 1985(3) provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful, class-based discrimination. As a result, plaintiff's § 1985(3) claim will be dismissed as legally frivolous.

Because a § 1986 action is dependent upon the existence of a § 1985 claim, plaintiff's § 1986 claim is also frivolous. See McIntosh v. Arkansas Republican Party-Frank White Election Committee, 766 F.2d 337, 340 (8th Cir. 1985).

Title 42 U.S.C. § 1988 does not provide an independent cause of action, and no relief is available to plaintiffs under the statute.

Finally, "[a]lthough the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The alleged harms occurred in 1990 through 1993. As a result, this action is barred by the statute of limitations.

For these reasons, I find that the complaint should be dismissed under 28 U.S.C. § 1915A.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of August, 2013.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE